IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 11 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 4:11-CR-0006 |
| v. | ) |
| | ) |
| **KEVIN LEE WILLARD,** | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Kevin Lee Willard's motion for early termination of supervised release. ECF No. 56. For the reasons stated below, the court **DENIES without prejudice** Willard's motion.

On January 12, 2012, following entry of a plea agreement, Willard was found guilty of one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250. He was sentenced to a 30-month term of imprisonment to be followed by a 10-year term of supervised release. ECF No. 35. On June 3, 2013, Willard was released from custody and began serving his 10-year term of supervised release. One of the conditions of his release was that he report all changes of address to his probation officer. ECF No. 38. Willard was supposed to be staying at a homeless shelter but inquiries by his probation officer to the shelter showed that Willard was spending many nights away from the shelter without telling his probation officer. ECF No. 51. On February 21, 2014, his period of supervised release was revoked and he was sentenced to time served and a 10-year period of supervised release. ECF No. 53.

Willard has completed almost 7 years of his 10-year term of supervised release. While on supervision, he has been employed, committed no violations, and has complied with all

1

directives. He has paid his fines and restitution, obtained a driver's license, paid his bills on time, and purchased a vehicle. He has attended sex offender treatment and passed all polygraph tests. ECF No. 56.

The court sought input from Willard's United States Probation Officer, who confirmed that Willard has done well on supervision. The court also sought input from the United States, which filed a response in opposition to Willard's request for early termination. ECF No. 59. The government's opposition to Willard's request is based on his criminal history and the nature of his underlying sex offense. According to the Presentence Investigation Report ("PSR"), in October 1994, Willard pled guilty to choking, beating, and sexually assaulting a 5-year-old girl. He was sentenced in a North Carolina state court to a term of 79 to 104 months and was released to parole on December 29, 2001. ECF No. 62 ¶¶ 24, 25. His parole was terminated on June 27, 2002. Id. at ¶ 24. In 2003 and 2004 Willard was arrested and convicted for failure to register as a sex offender and served two brief terms in state custody. Id. at ¶¶ 26, 27. In 2010 Willard was arrested for public disorderly conduct and failure to register as a sex offender. He pled guilty to the lesser offense of attempted failure to register as a sex offender and was sentenced to 180 days in state custody. Id. at ¶¶ 28, 29.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence

imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against early termination of supervision. Willard was convicted of a violent sexual assault of a child and had several subsequent convictions for failure to register as a sex offender. Although the sexual assault occurred more than 15 years ago and the various failures to register as a sex offender occurred

more than 8 years ago, the serious, violent, and dangerous nature of Willard's offenses weighs against early termination of supervised release.

Looking at the second § 3553(a) factor, the court finds that while Willard does not appear to present any threat of committing further crimes, adhering to the rules that are part of his supervised release for an additional period will provide him continuing structure as he continues to transition to life outside of prison. Regarding the range of supervised release terms for the category of offense committed by Willard, the 10-year term imposed by the court is at the low end of the statutory term of 5 years to life. ECF No. 62 at ¶¶ 48, 49 (citing 18 U.S.C. § 2250 and 18 U.S.C. § 3583(k)). Thus, it is reasonable and appropriate to require Willard to continue to serve the 10-year term. None of the remaining factors weigh either in favor of or against early termination of supervised release.

Having considered the § 3553(a) factors, the opinion of the probation officer overseeing Willard's supervised release, and the position of the United States, the court **DENIES without prejudice** Willard's motion for early termination. To be sure, the court is impressed with Willard's adherence to the conditions of supervised release, his positive attitude, his completion of sex offender therapy, and his commitment to success. But the court finds that it is both in Willard's best interest and in the best interest of the community for him to continue to be supervised at this time.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: January 8, 2021

_____

Michael F. Urbanski
Chief U.S. District Judge
2021.01.08 17:40:23 -05'00'

Michael F. Urbanski
Chief United States District Judge